TIMOTHY J. BURKE v. FRANCIS GORMLEY, COMPTROLLER.

### TIMOTHY J. BURKE v. MAYOR AND ALDERMEN OF JERSEY CITY.

Argued November Term, 1909—Decided February 28, 1910.

1. The auditing of a claim by a city board and an order to pay it are not final and conclusive, but the action may be rescinded.
2. Where an application is made for a *mandamus* to compel municipal officers to pay a claim against the municipality, the burden is on the relator to show that his claim is indisputably clear *ex aequo et bono.*

The first entitled cause came before the court upon an application for *mandamus* to compel the city clerk of Jersey City to sign a warrant ordered signed by the police commissioners in 1907, and the second by *certiorari* to review the resolution of the new board of commissioners rescinding the original order.

Before Justice SWAYZE.

For the relator and prosecutor, *John J. Mulvaney.*

For the defendants, *John Milton.*

SWAYZE, J. The board of police commissioners in 1907 audited and ordered paid a bill of Burke for work done and materials furnished. A city warrant was made out by the city clerk, but before it was signed by the comptroller a new administration had come into power, and a new board of police commissioners, upon the representations of the mayor that Burke's claims were grossly exorbitant, resolved that the resolution approving the claim and ordering that payment be made, be rescinded and revoked, and that the city clerk be directed to cancel the warrants. The city clerk thereupon

canceled the warrants. This application is for a *mandamus* to compel the issuing of warrants in accordance with the original vote. In order to get out of the way the resolution of the new board rescinding the original vote, the relator has also sued out a writ of *certiorari*. It is obvious that as long as the rescinding resolution remains in force the *mandamus* ought not to issue. The first question, therefore, is whether the new board had the right to review the action of the old board, and it is insisted on the part of the prosecutor that the original resolution approving the claim and ordering it paid, was a final adjudication.

It is true there are cases in other jurisdictions which hold that a proceeding of that kind is final, but I think I ought not so to hold in the absence of any binding decision in this state. It is settled by a decision of our Court of Errors and Appeals that a taxpayer may enjoin the payment of an unjust bill by a city, although the city authorities are willing to pay it. *Lodor* v. *McGovern*, 3 *Dick. Ch. Rep.* 275. The effect of that decision is to deprive the action of the city authorities of the element of finality which is relied upon in this case by the relator; for if a taxpayer may bring a bill in equity for an injunction to restrain the payment until the right thereto shall have been established by a suit at law, it is a necessary conclusion that the city authorities themselves would have the right to review their own prior action in case their approval of the bill was wrongful. Whether in fact the charges are grossly exorbitant, as the mayor asserted and as the new board seems to have thought was at least probable, cannot be decided on this application. No evidence has been taken upon the subject, and while there is a presumption in favor of a bill that has been duly audited (*Butts* v. *Hoboken*, 9 *Vroom* 391), there is an equal presumption in favor of the validity of the action of the new board. Which board was right can only be determined by an action at law. The rescinding resolution is therefore affirmed, with costs.

This naturally disposes of the application for *mandamus*, but counsel for the relator insists that he is entitled to it under the decision in *Salmon* v. *Haynes*, 21 *Vroom* 97, and in

*Ahrens* v. *Fiedler,* 14 *Id.* 400; but in *O'Hara* v. *Fagan,* 27 *Id.* 279, it was stated that in such cases, where the *mandamus* was allowed the court has always considered the claim indisputably clear *ex aequo et bono,* and Mr. Justice Dixon added that the relator "must clearly show, not only that the defendant is bound to do the act in question, but that the relator's right to have it done is such as the law ought, at the relator's suit, to enforce." This puts the burden upon the relator, and while no doubt that burden would be sufficiently borne by proof of the original audit, if that had never been rescinded, the present case is different. In the most recent case (*American LaFrance Fire Engine Co.* v. *Seymour, ante p.* 92, Mr. Justice Trenchard, in an opinion holding that a *mandamus* should issue, put it upon the ground that the city had received a benefit, and *ex aequo et bono* ought to pay for it.

The rule to show cause why a *mandamus* should not issue will therefore be discharged, with costs, and the relator will be left to establish the just amount of his claim by an action at law.